Hillsborough, ⎱ No. 4168.
Mar. 3, 1953. ⎰

THE DIAMOND MATCH CO. *v.* JOSEPH O. HOBBS TRUST *& a.*

*Hughes & Burns* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for State Electric Co., Inc. and John H. Stevens Co., Inc.

Joseph O. Hobbs Trust defaulted.

BLANDIN, J. The record shows no abuse of discretion in permitting the defendant intervenors to enter an appearance after a decree was entered. *Riddle* v. *George*, 58 N. H. 158; *Hatch* v. *Rideout*, 95 N. H. 431, and cases cited. It follows that the question whether there was a contract sufficient to support the plaintiff's lien is properly before us. The Court found on undisputed evidence that the plaintiff furnished a substantial amount of materials, purchased by Keyser, Inc. for the defendant Hobbs Trust, for the construction of their building, during the months of January, February, March and through and including April 11, 1951. Clearly the further finding that an implied contract existed between these parties was warranted. *Dufton* v. *Bank*, 95 N. H. 299, and authorities cited. There is nothing in our statute (R. L., c. 264, s. 12) to suggest that a contract need be in writing or that any special formalities are required in order for one to become entitled to a mechanic's lien,

and there is no occasion to read such a meaning into the law. The only remaining question, therefore, is whether the Court's holding that the contract was an entire or continuing one is erroneous. As bearing on this, it seems that among other factors it is undisputed that all this material was furnished for the sole purpose of erecting the Hobbs Building and that the numerous items listed were supplied at intervals of less than ninety days over a long period of time as ordered for the defendant Hobbs by Keyser, Inc. on an open account. In this situation the finding of the Court that the contract was an entire or continuing one is sustainable. *Calef* v. *Brinley*, 58 N. H. 90. The defendants admit that this conclusion is in accord with authorities elsewhere (97 A. L. R. 781 (n)) and that the precise question involved here has not been decided in this state. We discover nothing in our cases which compel as a matter of law a decision contrary to the finding and ruling of the Trial Court which, we believe, represents the better view. The order is

*Decree affirmed.*

Goodnow, J., did not sit: the others concurred.